PROB 12C
(6/16)

Report Date: September 17, 2021

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 20, 2021

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: William Keith Jones | Case Number: 0980 2:18CR00113-WFN-1 |
| Address of Offender: | |
| Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge | |
| Date of Original Sentence: December 4, 2019 | |
| Original Offense: Counts 1-4: Evasion of Income Taxes, 26 U.S.C. § 7201 | |
| Original Sentence: Prison - 366 days; TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: George J.C. Jacobs, III | Date Supervision Commenced: November 16, 2020 |
| Defense Attorney: Roger James Peven | Date Supervision Expires: November 15, 2023 |

### PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance
---|---
1 | **Standard Condition #4:** You must be truthful when responding to the questions asked by your probation officer.<br><br>**Supporting Evidence:** The offender is alleged to have violated standard condition number 4, by failing to be truthful with the probation officer on July 22, and September 15, 2021.<br><br>On December 7, 2020, Mr. Jones' conditions of supervision were reviewed and he signed said conditions acknowledging an understanding of his requirements. Specifically, he was made aware by his supervising officer that he must be truthful when responding to the questions asked by his probation officer.<br><br>On July 22, and September 15, 2021, the offender was questioned by the probation officer regarding how the rent was being paid for his new apartment. He responded that his wife was paying his rent.<br><br>The undersigned contacted Mr. Jones' wife on September 17, 2021. At this time, she stated she had been assisting with paying for the offender's medical insurance and cellular telephone bill, but had not been paying the rent for his new apartment.
2 | **Special Condition #5:** You must undergo a substance abuse evaluation, and if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare

Prob12C
**Re: Jones, William Keith**
**September 17, 2021**
**Page 2**

upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence:** The offender is alleged to have violated special condition number 5, by failing to successfully complete the recommended substance abuse treatment program. Specifically, he was discharged from Colonial Clinic on September 7, 2021. Additionally, he revoked a release of information allowing reciprocal disclosure of information between the treatment provider and probation officer on or about June 22, 2021.

On December 7, 2020, Mr. Jones' conditions of supervision were reviewed and he signed said conditions acknowledging an understanding of his requirements. Specifically, he was made aware by the probation officer that he must successfully complete the recommended treatment program and that he must allow full reciprocal disclosure between the supervising officer and the treatment provider.

On September 10, 2021, this officer contacted T. Huston Stolz, treatment director at Colonial Clinic, to discuss the offender's recent relapse. At that time, this officer was informed that Mr. Jones had been discharged from treatment effective September 7, 2021, based on his lack of honesty with the treatment provider.

Mr. Stolz also confirmed that Mr. Jones revoked the release of information allowing communication between this officer and the treatment provider on or about June 22, 2021. It should be noted, this is the same date that Mr. Jones submitted a urinalysis test at Colonial Clinic that returned positive for alcohol. A new release of information was signed by Mr. Jones on August 9, 2021, per the instructions of the undersigned.

According to correspondence received from Colonial Clinic on September 10, 2021, Mr. Jones failed to attend group treatment on September 2, 2021. Two separate staff members spoke to him via telephone on this same date and both indicated that he sounded intoxicated. He also failed to provide a valid urine specimen at their facility on September 3, 2021. According to the treatment provider, "Bill's many diversionary stories and his rationalizations and justifications of what happened, what didn't happen, what is and what isn't - has us totally unable to trust or believe in any of his reportings."

3     **Standard Condition #4:** You must be truthful when responding to the questions asked by your probation officer.

**Supporting Evidence:** The offender is alleged to have violated standard condition number 4, by failing to be truthful with the probation officer on August 6, and September 15, 2021.

On December 7, 2020, Mr. Jones' conditions of supervision were reviewed and he signed said conditions acknowledging an understanding of his requirements. Specifically, he was made aware by his supervising officer that he must be truthful when responding to the questions asked by the probation officer.

On August 6, and September 15, 2021, the undersigned questioned the offender regarding information this officer received indicating he had revoked his consent for the treatment provider to communicate with the probation officer. In both instances, the offender adamantly denied revoking his consent for reciprocal disclosure of information.

Prob12C
**Re: Jones, William Keith**
**September 17, 2021**
**Page 3**

As previously indicated, the offender's treatment provider confirmed Mr. Jones revoked his consent to allow them to communicate with this officer. Specifically, on June 22, 2021, he sent an email to the treatment provider requesting that his consent be revoked.

4    **Special Condition #6**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: The offender is alleged to have violated special condition number 6, by consuming alcohol on or about September 8, 2021.

On December 7, 2020, Mr. Jones' conditions of supervision were reviewed and he signed said conditions acknowledging an understanding of his requirements. Specifically, he was made aware by his supervising officer that he must abstain from alcohol.

On September 8, 2021, Mr. Jones reported to Pioneer Human Services for urinalysis and Breathalyzer testing. At that time, a breathalyzer was administered and the result was a BAC of .079. This officer contacted the offender following the Breathalyzer test and he informed the probation officer that he had taken "a sip" of his daughter's IPA beer.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    September 17, 2021

s/Lori Cross

Lori Cross
U.S. Probation Officer

THE COURT ORDERS

[ ]    No Action
[ ]    The Issuance of a Warrant
[X]    The Issuance of a Summons
[ ]    Other

Signature of Judicial Officer

09/20/2021
Date